IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   98-cv-1600-WYD

UNITED STATES OF AMERICA AND
STATE OF COLORADO

  Plaintiffs,

v.

COLORADO ORGANIC CHEMICAL COMPANY, INC.;
RONALD L. SEIGNEUR AS TRUSTEE FOR THE PHILLIP C. MOZER TRUST;
COLORADO & EASTERN RAILROAD COMPANY;
GASAMAT OIL CORPORATION OF COLORADO;
BURLINGTON NORTHERN SANTA FE RAILWAY;
BFI WASTE SYSTEMS OF NORTH AMERICA, INC.;
ROBERT S. CALVERT;
SHELL OIL COMPANY; and
L-C CORPORATION,

  Defendants,

v.

NDSC INDUSTRIAL PARK, LLC,

  Intervenor

v.

THOMAS Z. MARS;
DENVER ROCK ISLAND RAILROAD; and
UNION PACIFIC RAILROAD COMPANY,

  Intervenors.

_____

**ORDER**
_____

I. Introduction and Background

  This matter is before the Court on the Unopposed Motion to Intervene By Thomas

Z. Mars, Denver Rock Island Railroad, and Union Pacific Railroad Company (ECF No. 60), filed on October 13, 2015.  Intervenors Thomas Z. Mars ("Mars"), Denver Rock Island Railroad ("DRIR"), and Union Pacific Railroad ("UPR") (collectively the "Railroad Intervenors") state that they each have an interest in this action:   Mars seeks to protect his fee title to portions of a railroad right of way; DRIR seeks to protect its easement rights and its rights to operate freight rail service on the railroad right of way owned by Mars and UPR; and UPR seeks to protect its fee title to a portion of the railroad right of way conveyed to Mars, and to protect its right to operate freight rail service on the right of way.

This matter originates out of a Partial Consent Decree that was entered by this Court on September 9, 1999, between the Plaintiffs and numerous parties setting forth terms and conditions under which the Environmental Protection Agency ("EPA") would conduct environmental remediation on property near the intersection of 52nd and Dahlia Street in Adams County, Colorado (the "Dahlia Property").   In the consent decree, Defendant Colorado & Eastern Railroad Company ("CERC") authorized the EPA to sell its property through auction and the proceeds from the sale would be used to cover the remediation costs. The consent decree also set forth the way in which parcels of the land could be sold, and it required the United States to approve any conveyance.

On August 19, 2015, this Court granted Intervenor NDSC Industrial Park LLC's ("NDSC") motion to intervene in this matter.   NDSC sought to intervene based on an alleged unauthorized conveyance of its property under the consent decree, and NDSC subsequently filed a motion asking the Court to invalidate and void a deed from 2001

between CERC and Mars. That motion is still pending. The Railroad Intervenors now seek to intervene in this action to protect the title conveyed to and through Mars by the 2001 deed between CERC and Mars, and to protect the rights and obligations associated with their respective railroad rights of way. The Railroad Intervenors move to intervene in this case as a matter of right.

II. Analysis

**Intervention as a Matter of Right**

Fed. R. Civ. P. 24(a)(2) governs the intervention of right and provides that the Court must permit anyone to intervene who, on timely motion, meets the requirements of the Rule:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**1. Timeliness**

"The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (citing *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)). The Railroad Intervenors learned of the Court's order authorizing NDSC to intervene on August 26, 2015, when a copy of the order was provided by counsel for NDSC to the Railroad Intervenors. The Railroad Intervenors were made

- 3 -

aware of NDSC's Consent Decree Order Motion when they received a copy on September 10, 2015.   The Railroad Intervenors' motion is timely and allowing their intervention will not prejudice any party or disrupt any proceedings.

### 2. Interest Relating to the Subject of the Action

In the Tenth Circuit, "the interest [to intervene as right] must be direct, substantial, and legally protectable." *Utah Ass'n of Counties*, 255 F.3d at 1251.   This "inquiry is highly fact-specific, and . . . the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* at 1251-52 (internal quotation marks omitted). "[P]ractical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *San Juan Cnty. Utah*, 503 F.3d at 1199. "The interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is *related to the property that is the subject of the action.*"   *Utah Ass'n of Counties*, 255 F.3d at 1252. "At minimum, [t]he applicant must have an interest that could be adversely affected by the litigation." *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1392 (10th Cir. 2009) (internal quotation marks omitted). Mars and UPR both claim ownership to the fee title of separate portions of the railroad right of way under the 2001 deed between CERC and Mars.   Intervenor NDSC seeks to have the Court invalidate and void that deed.   DRIR and UPR both claim a right to continued use of the railroad right of way to provide rail service under the Interstate Commerce Commission ("ICC") and the Surface Transportation Board ("STB").

The Railroad Intervenors' interests are related to the subject of this action.

### 3. Impairment of Interest

Rule 24(a)(2) requires intervenors to demonstrate that the disposition of the action may, as a practical matter, impair or impede their ability to protect their interest. To satisfy this element, "'a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal.'" *Utah Ass'n of Counties*, 255 F.3d at 1253, citing *Grutter v. Bollinger,* 188 F.3d 394, 399 (6th Cir.1999). The Railroad Intervenors argue that NDSC's request to have the Court invalidate the 2001 deed between CERC and Mars would destroy the rights in the right of way and could result in prohibit the use of the right of way for railroad purposes. An impairment of the Railroad Intervenors' legal interests is possible if intervention is denied.

### 4. Inadequate Representation

Under Rule 24(a)(2), parties are entitled to intervene as of right unless their interests are adequately represented by existing parties. "Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate." *Utah Ass'n of Counties*, 255 F.3d at 1254, citing *Sanguine,* 736 F.2d at 1419. "The possibility that the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden. *Utah Ass'n of Counties*, 255 F.3d at 1254, citing *Natural Res. Def. Council v. United States Nuclear Reg. Comm'n,* 578 F.2d 1341, 1346 (10th Cir.1978). The Railroad Intervenors note that while CERC has objected to NDSC's

consent decree motion and its motive is to prove that it has not violated the consent decree of 1999, CERC does not have any real property interest in this matter.   The Railroad Intervenors argue that they, on the other hand, seek to protect their property rights and the use of the railroad right of way, and that Mars and UPR seek to protect a fee interest in the property.   The Railroad Intervenors' interests are not adequately represented by the existing parties.

   III.   Conclusion

Based on the foregoing, I find that each factor under Fed. R. Civ. P. 24(a)(2) has been satisfied and that the Railroad Intervenors are entitled to intervene in this case as a matter of right.   Accordingly, it is

ORDERED that the Unopposed Motion to Intervene By Thomas Z. Mars, Denver Rock Island Railroad, and Union Pacific Railroad Company (ECF No. 60) is **GRANTED**.

Dated:   October 30, 2015

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE